# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
TODD SIMANSKI and JULIA SIMANSKI,  *
as Parents and Next Friends of     *    No. 03-103V
O.A.S, a minor                     *    Special Master Christian J. Moran
                                   *
           Petitioners,             *    Filed: February 25, 2014
v.                                 *
                                   *    Award of attorneys' fees and costs on an
SECRETARY OF HEALTH                *    interim basis; award for petitioners' costs;
AND HUMAN SERVICES,                *    award in the amount to which respondent
                                   *    has not objected.
           Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioners.
Traci R. Patton, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Todd and Julia Simanski sought compensation pursuant to the National Childhood Vaccine Injury Compensation Program. See 42 U.S.C. § 300aa—10 through —34 (2012). They alleged that their minor child, O.A.S., suffers from a disease of the peripheral nervous system caused by various vaccines.

Although the Simanskis have not received compensation, they have sought an award for their attorneys' fees and costs. They are awarded the amount to which the Secretary has not objected.

### PROCEDURAL HISTORY

An abbreviated recitation of the procedural history begins with the filing of the Simanskis' petition in 2003. At the time of filing, the Simanskis were represented by Richard Winders. In 2006, petitioners' current counsel, Ronald Homer, was substituted in as counsel of record, replacing Mr. Winders.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

After several years of gathering medical records, the Simanskis searched for an expert who would opine in favor of vaccine causation. In 2008, they filed an expert report from Dr. Paul Maertens. In 2009, they filed two reports from Dr. Yehuda Shoenfeld. After status conferences to address deficiencies in these reports, the Simanskis were urged to file another report from Dr. Shoenfeld. They opted not to file a supplemental report.

In November 2009, the Simanskis were ordered to show cause for why their case should not be dismissed for failure to produce evidence to satisfy the three prongs of <u>Althen v. Sec'y of Health & Humans Servs.</u>, 418 F.3d 1274, 1280 (Fed. Cir. 2005). After failing to produce such evidence, the Simanskis' case was dismissed in May 2010. 2010 WL 2292200.

The Simanskis filed a motion for review, challenging the dismissal. The Court of Federal Claims denied the motion for review in December 2010. 96 Fed. Cl. 588.

After the Court of Federal Claims entered judgment in favor of the Secretary, the Simanskis appealed their case to the Federal Circuit. The Federal Circuit vacated the dismissal of their case and remanded to the Court of Federal Claims. 671 F.3d 1368 (Fed. Cir. 2012).

Upon remand, the parties had the opportunity to develop their positions. The Simanskis filed updated medical records in the summer of 2012. On June 29, 2012, the Secretary filed a report pursuant to Vaccine Rule 4. The Secretary contended that the Simanskis had not established that their child suffers from the injury alleged, and further, that even if their child suffers from the injury alleged, the Simanskis still had not shown a causal connection between vaccination and injury.

The Secretary filed an expert report from Dr. Christine McCusker in August 2012. The Simanskis then filed a supplemental report from Dr. Shoenfeld. Dr. McCusker provided a responsive report. The immunologists' exchange was mirrored by the parties' neurologists—Dr. Maertens for petitioner, and Dr. Richard Finkel for respondent.

In anticipation of a hearing to receive testimony from the four experts, the parties filed pre-hearing briefs. Expert testimony spanning five days was heard in February 2013. Following the hearing, the parties filed their post-hearing briefs.

A decision on remand was issued on August 20, 2013. This decision found that O.A.S. did not suffer from the neurologic injury that was fundamental to her expert's opinions. Thus, the Simanskis did not establish that they were entitled to compensation. 2013 WL 7017568.

On September 19, 2013, the Simanskis filed a motion for review of the August 20, 2013 decision on remand. The Court of Federal Claims denied the second motion for review, ruling that the findings in the August 20, 2013 decision were neither arbitrary nor capricious. <u>Opinion</u>, filed February 18, 2014.

Two weeks before the Court's Opinion, the parties filed a stipulation of fact concerning interim attorneys' fees and costs.[2] This stipulation reported that the Simanskis had submitted a draft application for attorneys' fees and costs to the Secretary for consideration on September 27, 2013.

In their original application, the Simanskis requested the following amounts:

| Summary of Application for Attorneys' Fees and Costs as Originally Presented | |
|---|---|
| Attorney's Fees for Richard Winders (original attorney) | $6,171.00 |
| Attorneys' Fees for Conway, Homer, Chin-Caplan, P.C. (successor law firm) | $366,706.25 |
| Costs incurred by Conway, Homer, Chin-Caplan, P.C. | $62,516.30 |
| Costs incurred by the Simanskis, personally | $4,828.38 |
| TOTAL | $440,221.93 |

The timesheets from Conway, Homer, Chin-Caplan, P.,C. provide information about how much attorneys' fees were incurred in various aspects of the case. An estimate is:

| Attorneys' Fees for Conway, Homer, Chin-Caplan, P.C. | |
|---|---|
| Phase | Approximate Amount |
| Proceedings before Office of Special Master | $81,000.00 |
| First Motion for Review at the Court of Federal Claims | $26,500.00 |
| Appeal at the Federal Circuit | $45,000.00 |
| Proceedings before Office of Special Master on Remand | $194,000.00 |
| Second Motion for Review at the Court of Federal Claims | $19,500.00 |
| TOTAL | $366,000.00 |

The February 4, 2014 stipulation indicated that the Simanskis amended their original request and the Secretary did not object to an award in the reduced amount.

## ANALYSIS

To be eligible for any award of attorneys' fees and costs, the Simanskis must satisfy the standards for good faith and reasonable basis. See 42 U.S.C. § 300aa—15(e) . The submission of expert reports from Dr. Shoenfeld and Dr. Maertens fulfills the reasonable basis standard in this case.

---

[2] This February 4, 2014 submission requested an award of attorneys' fees and costs on an interim basis. However, the Court's February 18, 2014 Opinion and the entry of judgment arguably make the request for fees on an interim basis moot as the request could be considered one for final fees. Drawing a line to separate "interim fees" from "final fees" is unnecessary because even if the Simanskis were required to establish their entitlement to interim fees pursuant to Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008), the Simanskis would have satisfied their burden.

The parties have reached a compromise regarding an amount for attorneys' fees and costs. For Mr. Homer's firm, the Secretary agreed not to object to an award for $358,000.00 in attorneys' fees and costs.[3]  For Mr. Winders, the Secretary agreed not to object to a total award of $5,491.00 for attorneys' fees.  For the Simanskis, the Secretary agreed not to object to an award of $4,828.38 for costs that they incurred.

A review of the material filed with the parties' stipulation indicates that the components of the Simanskis' request are reasonable.  They are awarded the amount to which the Secretary has not objected.

## CONCLUSION

The Simanskis are awarded compensation for their attorneys' fees and costs, including their medical experts, and themselves.  In the absence of a motion for review filed under RCFC Appendix B, **the Clerk shall enter judgment in petitioners' favor for $368,319.38 in attorneys' fees costs.** This amount shall be paid as follows:

A. A lump sum of **$358,000.00** in the form of a check payable to petitioners and petitioners' current counsel, Ronald C. Homer, for attorneys' fees and costs;

B. A lump sum of **$5,491.00** in the form of a check payable to petitioners and petitioners' former attorney, Richard Winders, for attorneys' fees; and

C. A lump sum of **$4,828.38** in the form of a check payable to petitioners for personal costs incurred in pursuit of their petition.

Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[3] The amount for attorneys' costs includes the amount for experts.

4