# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| TODD SIMANSKI and JULIA | * | |
| SIMANSKI, as Parents and Next | * | No. 03-103V |
| Friends of O.A.S., a minor | * | Special Master Christian J. Moran |
| | * | |
| | * | |
| Petitioners, | * | Filed: October 8, 2014 |
| | * | |
| v. | * | |
| | * | Attorneys' fees and costs, appeal. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner;
Traci R. Patton, United States Dep't of Justice, Washington, DC, for respondent.

## **UNPUBLISHED DECISION ON FEES AND COSTS**[1]

The Simanskis have appealed a denial of their claim that a vaccination harmed their daughter to the Federal Circuit, where it is docketed as case number 2014-5077. The Simanskis are representing themselves at the Federal Circuit.[2]

Their attorney has filed a second motion for an award of attorneys' fees and costs. The first motion resulted in a judgment awarding them $358,000.00 in

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] The Simanskis have not filed an appearance to represent themselves at the Court of Federal Claims. Consequently, Mr. Homer continues to be listed as counsel of record for the Simanskis. See order, filed April 22, 2014.

attorneys' fees and costs on an interim basis.  2014 WL 2925171 (Fed. Cl. Spec. Mstr. Feb. 25, 2014).

The pending motion for attorneys' fees and costs seeks an award for work performed after September 25, 2013 and before April 18, 2014.  Primary tasks included preparing for oral argument on the petitioners' motion for review, preparing and negotiating the first request for attorneys' fees and costs, reviewing the Court's denial of the motion for review, and counseling the Simanskis.  After this motion was filed, the parties reached a compromise concerning the amount of attorneys' fees and costs.  See Resp't's Obj., filed May 12, 2014, at 3 n.1.

The disputed issue is whether the Simanskis should receive any additional award at this time.  The Secretary argues that the Simanskis have not met the standards for awarding attorneys' fees and costs on an interim basis set forth in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008), because of the February 25, 2014 award of attorneys' fees and costs.

The position of the Simanskis, as asserted by their attorney, is that the case stands in a different posture.  Due to Mr. Homer's intention to withdraw as the Simanskis' attorney, the pending request for attorneys' fees and costs is actually a final request for attorneys' fees and costs, not an interim one.  Thus, the Simanskis do not present any argument claiming that the post-February 25, 2014 circumstances of the case meet the Avera factors.  Pet'rs' Reply, filed May 22, 2104, at 6-8.

Under the circumstances of this case, another award of attorneys' fees and costs is appropriate.  Mr. Homer is not participating in the appeal at the Federal Circuit.  If the Federal Circuit were to affirm the judgment dismissing the Simanskis' petition, then the case will end.  If the Federal Circuit were to remand to the Court of Federal Claims, then the Simanskis will likely either need to find new counsel or represent themselves as Mr. Homer seeks to withdraw as counsel.  Thus, it is reasonably foreseeable that Mr. Homer's work has concluded.

The Secretary does not challenge the conclusion that Mr. Homer's work has ended.  The Secretary is concerned that there may be an additional application for attorneys' fees and costs.  "While this may be petitioners' counsel's final application for fees and costs, it is not petitioners' final application for fees and costs."  Resp't's Obj. at 3.  But, the Secretary is assuming that someone other than Mr. Homer will file another application for attorneys' fees and costs.  This may or may not happen.

2

There is no question that Mr. Homer will be paid some additional money. The Secretary has not expressed any reason why he should not be paid now. For example, the Secretary has not argued that paying Mr. Homer would unduly burden the government's resources. Mr. Homer, on the other hand, has demonstrated a benefit for a prompt receipt of payment.

Consequently, petitioners' motion for an award of attorneys' fees and costs is GRANTED. The Simanskis are awarded $13,632.50 in attorneys' fees and $884.31 in costs.

**The Clerk is instructed to enter judgment in the amount of $14,516.81 in attorneys' fees and costs.** A check shall be made payable in this amount to the petitioners and Ronald C. Homer.[3]

**IT IS SO ORDERED.**

                                                      s/Christian J. Moran
                                                      Christian J. Moran
                                                      Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.